<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEROME HARRIS, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 05-5081 (NLH) |
| v. | : | |
| PAUL M. SCHULTZ, | : | <u>OPINION</u> |
| Respondent. | : | |

**APPEARANCES:**

    JEROME HARRIS, #00587-748
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320
    Petitioner <u>Pro Se</u>

    PAUL A. BLAINE, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    401 Market Street, 4th Floor
    Camden, New Jersey 08101
    Attorneys for Respondents

**<u>Hillman</u>, District Judge:**

    Jerome Harris, an inmate confined at the Federal Correctional Institution at Fairton, New Jersey ("FCI Fairton"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the setting of a payment schedule for a court-imposed fine by the Bureau of Prisons pursuant to the Inmate Financial Responsibility Program. Petitioner argues that under Third Circuit precedent, <u>see</u> United States v. Coates, 178 F.3d 681 (3d Cir. 1999), the applicable statute requires the sentencing court to specify the manner and scheduling of payment of a fine and that

the sentencing court may not delegate this task to officials at the Bureau of Prisons ("BOP"). The government filed an Answer, together with the declaration of Roberta M. Truman and several documents. The government argues that the case law cited by Petitioner relates to the statutes governing court-ordered restitution and that, because the wording of the statute governing fines differs from the wording of the statute governing restitution, the setting of a repayment schedule for Petitioner's fine does not violate federal law. Petitioner filed a Reply to the Answer. For the reasons expressed below, this Court will dismiss the Petition with prejudice.

## I. BACKGROUND

The essential facts are not in dispute. By judgment entered March 4, 1997, United States District Court Judge Peter J. Messitte sentenced Petitioner, based on a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, to a term of life imprisonment and 10 years of supervised release. See United States v. Harris, Crim. No. 96-0260-PJM-1 judgment (D. Md. filed March 3, 1997). Judge Messitte also imposed an assessment of $100.00, and a fine of $52,000.00, with payment in full due immediately. (Id.) Petitioner appealed, and on May 13, 1999, the United States Court of Appeals for the Fourth Circuit affirmed. (Id.)

On December 11, 2000, Petitioner filed a motion to vacate in the sentencing court pursuant to 28 U.S.C. § 2255. By amended judgment entered December 19, 2001, Judge Messitte sentenced Petitioner to a term of 360 months in prison and 10 years of supervised release. (Id., amended judgment.) The amended judgment ordered Petitioner to pay an assessment of $100.00 and fine of $52,000.00. (Id.) As to the schedule of payments, the amended judgment provides:

2

> Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.
>
> Payment of the total fine and other criminal monetary penalties shall be due as follows: A. Special Assessment shall be paid in full immediately . . . Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, **payment of criminal monetary penalties shall be due during the period of imprisonment through the Bureau of Prisons' Inmate Financial Responsibility Program.**

(Id.) (emphasis added). Although the form judgment used includes a section where the court could check off an installment payment option, this option was not selected. (Id.) On January 29, 2002, Judge Messitte signed an order declaring the § 2255 motion withdrawn.

On December 15, 2005, Petitioner filed a motion for authorization to file a successive § 2255 motion in the United States Court of Appeals for the Fourth Circuit, which the Circuit denied on January 18, 2006. See In re Harris, C.A. Docket No. 05-0552 (4th Cir. filed Dec. 15, 2005). On March 6, 2006, Petitioner filed a motion in the sentencing court for reduction of sentence court pursuant to 18 U.S.C. § 3582(c)(2).[1] After the government filed responsive papers, on August 11, 2006, Judge Messitte denied the motion. Petitioner filed a notice of appeal, which is pending before the Fourth Circuit. See United States v. Harris, C.A. Docket No. 06-7573 (4th Cir. filed Sept. 14, 2006).

Beginning on May 28, 1997, Petitioner signed a series of financial contracts with BOP officials in which he agreed to participate in the Financial Responsibility Program and to submit

---

[1] Section 3582(c)(2) governs modification of an imposed term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that subsequently been lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2).

3

quarterly or monthly payments toward satisfaction of his $52,000.00 fine. Each Inmate Financial Contract provides that a prison official has informed Petitioner of the potential consequences of refusal to participate in the Inmate Financial Responsibility Program. The first two contracts provide for the following payments: $25.00 per quarter, effective June 1997, and $25.00 per quarter, effective September 2003. On December 3, 2003, Petitioner's Unit Manager asked Petitioner to sign a contract increasing his payment to $100.00 per month, and Petitioner declined. The Unit Manager requested the increase based on deposits of $1,200 to Petitioner's commissary account during the prior six-month period. By memorandum dated December 19, 2003, Unit Manager Kimberly C. Hall informed Petitioner that, pursuant to Program Statement 5380.7, consequences would be enforced for Petitioner's refusal to participate in the Inmate Financial Responsibility Program. Petitioner's pay was reduced to the maintenance pay level of $5.25; Petitioner was not be permitted to purchase commissary items in excess of $25.00 per month; and Petitioner was moved to a common area cell, the lowest housing status. As a result of the sanctions, on March 11, 2004, Petitioner executed a contract whereby he agreed to pay $25.00 per month toward the fine, effective April 2004. The sanctions were presumably lifted.

Based on deposits of $1,477.42 to Petitioner's commissary account for the six months ending in October 2004, staff determined that Petitioner's ability to pay his fine was $146.23 per month. On November 9, 2004, Petitioner agreed to increase his monthly payments to $30.00, effective December 2004. On May 10, 2005, staff determined that, based on six month commissary deposits of $1,909.32, Petitioner could contribute $214.88 per month toward his fine. On May 2, 2005, Petitioner signed a contract agreeing to pay $40.00 per month, effective

June 2005. According to BOP records, effective March 1, 2006, Petitioner owes $50,735.00 on the court-imposed fine.

Between February 2, 2005, and June 29, 2005, Petitioner exhausted administrative remedies available in the BOP's Administrative Remedy Program. In a final decision dated June 29, 2005, by Harrell Watts, Administrator of the National Inmate Appeals, the BOP finally rejected Petitioner's claim as follows, in relevant part:

> Program Statement 5280.07, <u>Financial Responsibility program, Inmate</u> (IFRP), establishes the procedure by which an inmate may make effort toward meeting their legitimate financial obligations. Payment amounts are based on a formula contained within this Program Statement which considers all monies received. The courts have upheld the authority of the Bureau of Prisons to collect court-ordered financial obligations through the IFRP and have consistently found that the IFRP procedures are lawful and Constitutional.
>
> Your sentencing judge imposed a $100.00 felony assessment and restitution in the amount of $52,000.00. You are responsible to make effort toward satisfying such. Inmate participation in the IFRP is completely voluntary, but failure to make satisfactory progress toward meeting financial obligations may result in the limitation of certain privileges reflective of a demonstration of poor responsibility.

(Response of Harrell Watts to Administrative Remedy No. 366358-A1, dated June 29, 2005.)

On October 11, 2005, Petitioner executed the Petition presently before this Court. The Clerk received it on October 21, 2005. Petitioner claims that the BOP's "setting of Harris' court fine payment schedule violated the provisions under 18 U.S.C. § 3572(d)(1), (2)." (Pet. Issue One, p. 4.) Relying on <u>United States v. Coates</u>, 178 F.3d 681 (3d Cir. 1999), <u>United States v. Workman</u>, 110 F.3d 915, 918 (2nd Cir. 1997), and <u>United States v. Miller</u>, 77 F.3d 71, 77-78 (4th Cir. 1996), Petitioner argues that BOP officials violated § 3572(d) by setting a payment

5

schedule because 18 U.S.C. § 3572 requires the sentencing court to set a payment schedule for payment of fines and this duty may not be delegated to the BOP.

The government filed an Answer seeking dismissal of the Petition, together with the declaration of Roberta M. Truman, Assistant Regional Counsel for the BOP, and relevant documents. The government concedes that Petitioner exhausted available administrative remedies. The government argues that United States v. Coates, 178 F.3d 681 (3d Cir. 1999), is distinguishable because that case involved an order for restitution, not a fine, and the statute governing restitution materially differs from the statute governing payment of a fine. In addition, the government argues that federal courts have uniformly upheld the legality of the regulations governing the BOP's Financial Responsibility Program.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he

filed the Petition. See Spencer v. Kemna, 523 U.S. 1 (1998); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005).

B. The Merits

Petitioner contends that the BOP violated federal law, see 18 U.S.C. § 3572(d), by setting a schedule for payment of a court-imposed fine, pursuant to the Financial Responsibility Program, see 28 C.F.R. §§ 545.10, 545.11. In 1996, Congress enacted the Mandatory Victims Restitution Act ("MVRA") as part of the Anti-Terrorism and Effective Death Penalty Act. See Pub. L. No. 104-132, Title II, §§ 201-211, 110 Stat. 1214. The MVRA applies to sentencing proceedings in cases in which the defendant is convicted on or after April 24, 1996. See Coates, 178 F.3d at 683. Section 207 of the MVRA, entitled "Procedure for Enforcement of Fine or Restitution Order, amended 18 U.S.C. § 3572, entitled "Imposition of a sentence of fine and related matters." As amended, § 3572 provides in relevant part:

> (d) Time, method of payment, and related items. (1) A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.
>
> (2) If the judgment, or, in the case of a restitution order, the order, permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made.
>
> (3) A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon

7

> receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d).

Sections 205 and 206 of the MVRA govern the order of restitution and the procedure for issuance of a restitution order. Section 206, which amended 18 U.S.C. § 3664, expressly requires the order of restitution to include the manner and schedule of payment. Specifically, § 3664(f), as amended, provides:

> In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant . . . . Upon determination of the amount of restitution owed to each victim, **the court shall**, pursuant to section 3572, **specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid,** in consideration of (A) the financial resources and other assets of the defendant . . .; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents.

18 U.S.C. § 3664(f)(1)(A), (f)(2) (emphasis added).

The Third Circuit interpreted § 3664(f), as amended by the MVRA, in United States v. Coates, 178 F.3d 681 (3d Cir. 1999). The Third Circuit vacated a restitution order on direct appeal from a criminal proceeding and remanded for resentencing because the district court erred by failing to specify a payment schedule in the order of restitution and failing to consider the factors set forth in 18 U.S.C. § 3664(f)(2). Interpreting 18 U.S.C. § 3664(f)(2), the Third Circuit held that the district court failed to satisfy the statutory requirement that the restitution order "shall" specify the manner in which, and schedule according to which, restitution is to be made. Id. at 684. The Third Circuit rejected the government's argument that the district court

8

complied with the requirement of 18 U.S.C. § 3664(f)(2) in that, by operation of 18 U.S.C. § 3572(d)(1), payment was due immediately. "Contrary to the government's suggestion, however, [§ 3572(d)(1)] in no way eliminates the district court's obligation under section 3664 - 'Procedure for issuance and enforcement of order of restitution' - to consider the defendant's financial situation and schedule restitution payments accordingly." Coates, 178 F.3d at 684. The Third Circuit further determined that the fixing of restitution payments is a judicial act that may not be delegated to the BOP or a probation officer. Id. at 685. "Although we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties, see 28 C.F.R. § 545.10, the plain language of the MVRA, vesting sole authority in the district courts, see 18 U.S.C. § 3664(f)(2) ('[T]he court shall . . . specify . . . the manner . . . and the schedule . . . [of] restitution'), contradicts, and thus overrides, the regulations." Id. The Third Circuit concluded that the district court's "failure to satisfy the MVRA's mandatory requirements under section 3664(f)(2), and its implicit delegation of its responsibilities to the probation office [and BOP], constitute plain error." Id.

The government argues that Coates does not apply to this case because Judge Messitte imposed a fine, not restitution, and the mandatory requirement in § 3664(f)(2) that the restitution order "shall" include the manner and schedule of payment applies only to an order of restitution. As support, the government cites an unpublished Third Circuit decision, see Henry v. Apker, 128 Fed. Appx. 895 (3d Cir. 2005), rejecting a claim similar to the claim presented by Petitioner here. In Henry v. Apker, John Henry filed a pro se § 2241 petition in which he claimed that the BOP impermissibly set his schedule of payment for his fine in violation of the MVRA, as interpreted by Coates. The district court had rejected the claim on the ground that, since Henry

9

was sentenced in 1994 and the MVRA was enacted in 1996, the act did not apply. In addition, relying on McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999), the district court ruled that there was no improper delegation of judicial authority under Coates and that the statute does not preclude the BOP from ensuring payment of the fine through the Inmate Financial Responsibility Program. The Third Circuit affirmed for the reasons given by the district court.

This Court observes that the Third Circuit based its ruling in Coates on the mandatory language in § 3664(f)(2) providing that the district court "shall" set a restitution schedule in the order of restitution. However, unlike § 3664(f)(2), § 3572 does not specify that the order for a fine "shall" include a payment schedule. Rather, § 3572 gives the sentencing court the option of permitting payments in installments. See 18 U.S.C. § 3572(d)(2) ("If the judgment, or, in the case of a restitution order, the order, permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court..."); 18 U.S.C. § 3572(d)(3) ("A judgment for a fine which permits payments in installments . . ."). Thus, Coates does not govern an order for a fine, and does not preclude the BOP from setting a schedule for payment of the fine pursuant to the Inmate Financial Responsibility Program.

Petitioner also relies on United States v. Miller, 77 F.3d 71 (4th Cir. 1996), and United States v. Workman, 110 F.3d 915 (2nd Cir. 1997). However, both of these cases involved sentences for fines imposed prior to the MVRA. As explained above, the MVRA amended § 3664(f) to provide that the restitution order "shall" contain a schedule for payment, but did not impose the same requirements on the order for a fine. Under these circumstances, and given the Third Circuit's reliance on the mandatory language in § 3664(f), this Court finds Workman and Miller inapplicable.

10

The BOP has promulgated regulations implementing the Inmate Financial Responsibility Program. See 28 C.F.R. §§ 545.11, 545.11. The purpose of the Program is set forth in § 545.10:

> The Bureau of Prisons encourages each sentenced inmate to meet his or her legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility. The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation.

28 C.F.R. § 545.10.

Section 545.11 instructs BOP officials on the procedures for scheduling and monitoring a payment schedule:

> When an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation.
>
> (a) Developing a financial plan. At initial classification, the unit team shall review an inmate's financial obligations, using all available documentation, including, but not limited to, the Presentence Investigation and the Judgment and Commitment Order(s). The financial plan developed shall be documented and will include the following obligations . . . [f]ines . . .
>
> (b) Payment. The inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to unit staff. Payments may be made from institution resources or non-institution (community) resources. In developing an inmate's financial plan, the unit team shall first subtract from the trust fund account the inmate's minimum payment schedule for UNICOR or non-UNICOR work assignments, set forth in paragraphs (b)(1) and (b)(2) of this section. The unit team shall then exclude from its assessment $75.00 a month deposited into the inmate's trust fund account. This $75.00 is excluded to allow the inmate the

11

> opportunity to better maintain telephone communication under the Inmate Telephone System (ITS).
>
> (1) Ordinarily, the minimum payment for non-UNICOR and UNICOR grade 5 inmates will be $25.00 per quarter. This minimum payment may exceed $25.00, taking into consideration the inmate's specific obligations, institution resources, and community resources.
>
> (2) Inmates assigned grades 1 through 4 in UNICOR ordinarily will be expected to allot not less than 50% of their monthly pay to the payment process. Any allotment which is less than the 50% minimum must be approved by the Unit Manager. Allotments may also exceed the 50% minimum after considering the individual's specific obligations and resources.
>
> (c) Monitoring. Participation and/or progress in the Inmate Financial Responsibility Program will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior.

28 C.F.R. § 545.11(a), (b), (c).

Section 545.11(d) provides than an inmate's refusal to participate in the Inmate Financial Responsibility Program or comply with the provisions of his financial plan "ordinarily shall result" in a reduction of privileges, including reduction of pay to the maintenance level, imposition of a stringent commissary spending limitation, and movement of the inmate to the lowest housing status. See 28 C.F.R. § 545.11(d).

Petitioner does not challenge the calculation used to determine his payment schedule, and he does not challenge the above regulations. As federal statutes do not prohibit the BOP from setting a payment schedule for payment of a court-imposed fine and Petitioner does not otherwise challenge the Inmate Financial Responsibility Program, as applied to him, this Court will dismiss the Petition with prejudice.

12

## III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition with prejudice.

/s/ Noel L. Hillman
_____
**NOEL L. HILLMAN, U.S.D.J.**

DATED: ___October 3___, 2006